**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| **INTEGRATED DIRECT MARKETING, LLC,** <br><br>         **Plaintiff,** <br><br>         v. <br><br> **DREW MAY,** <br><br>         **Defendant.** | Case No. 1:14-CV-1183LMB/IDD |

**JOINT CONSENT MOTION TO EXTEND DISCOVERY
AND TO MODIFY SCHEDULING ORDER**

COME NOW Plaintiff, Integrated Direct Marketing, LLC ("Plaintiff" or "IDM"), joined by Defendant, Drew May ("Defendant" or "May") (collectively, the "Parties"), by and through their respective undersigned counsel, and in accordance with Federal Rule of Civil Procedure 16(b)(4) and Local Civil Rule 16(B), hereby jointly move this Court—for good cause shown—for an Order extending discovery until May 8, 2015, and amending the Scheduling Order as set forth below and in the attached proposed order. In support of their Joint Consent Motion, the Parties state as follows:

In this action, IDM has alleged that its former Executive Vice President for Data Integration, May, accepted employment with Merkle, Inc. ("Merkle"), as a Vice President and Client Partner and is using IDM's confidential and proprietary information and trade secrets against IDM. IDM's Verified Complaint alleges five counts against May: Breach of Contract;

Breach of Fiduciary Duty; Conversion; Violation of the Virginia Uniform Trade Secrets Act; and Intentional Interference with Business Expectancies. May denies these allegations.

On Tuesday, January 20, 2015, the Court granted May's consent motion to file counterclaims against IDM and Rocky Beal, IDM's Executive Vice President for Client Services. May alleges Defamation and Tortious Interference with Business Relationship following comments allegedly made by Beal to May's client, Dell, in late December that May alleges damaged May's reputation and business relationships. IDM and Beal deny these allegations. Beal was not previously a party to this action.

Since this action began, the Parties have been diligently proceeding with discovery. A brief recounting of the chief discovery events in the case thus far supports this assertion. After the hearings on IDM's motion for temporary restraining order and expedited discovery of September 19, 2014, IDM received May's external hard drive on September 24, 2014. The external hard drive contained more than 210,000 files for IDM's counsel's review. On October 14, 2014, IDM served its first set of discovery (in accordance with the Court's Order for expedited discovery) upon May, and on October 17, 2014, IDM served a third-party subpoena *duces tecum* upon Merkle.

The Court held the Initial Pretrial Conference with the Parties on October 29, 2014, and entered the Rule 16(b) Scheduling Order on October 31, 2014, consistent with the deadlines set forth in the Scheduling Order of October 8, 2014. On November 10, 2014, IDM imaged May's home computer and began reviewing its contents with a forensic analyst. On November 12, 2014, May served his first set of discovery requests on IDM.

Despite the Parties' efforts to resolve discovery disputes absent Court intervention, both Parties have raised issues concerning the sufficiency of the other's discovery responses. When

the Parties' negotiations concerning the appropriate scope of discovery failed, IDM filed motions to compel against May and Merkle on November 18, 2014. On December 12, 2014, the Court ordered May to comply with IDM's discovery requests "in toto," ordered IDM to revise its document requests to Merkle using search terms and ordered Merkle to produce responsive documents on December 24, 2014. Merkle timely produced documents on December 24, 2014, responsive to search terms used by Merkle. IDM promptly began reviewing Merkle's production, which included more than 1,800 documents consisting of several thousand more pages. IDM also served its second set of discovery requests on May on December 19, 2014. On December 31, 2014, Merkle supplemented its first production to IDM. By letters dated January 7 and 9, 2015, IDM's counsel advised Merkle's counsel of issues related to Merkle's production.

May served discovery on IDM on November 12, 2014. IDM served objections to May's discovery requests on December 1, 2014, and objections and responses to May's discovery requests on December 15, 2014. On January 13, 2015, May's counsel sent a letter to IDM's counsel concerning issues related to IDM's objections to May's discovery requests. Counsel for both Parties discussed various issues raised by the other on January 14, 2015, and both Parties are in the process of amending their responses to discovery requests.

Both Parties have raised confidentiality concerns over much of the information requested. The Parties have yet to be able to come to agreement over a protective order, which has delayed both Parties' receipt and review of responsive documents. To date, IDM has produced the contents of May's IDM personnel file, copies of correspondence from IDM's counsel to Merkle, and a forensic restoration of May's external hard drive containing all of the information both existing and deleted from that hard drive. May claims that he has not received information regarding the nature and scope of IDM's claims and alleged damages.

Without all relevant information and documents having been exchanged, and without the terms of a protective order being agreed upon, it is difficult if not impossible for the parties to complete depositions.

As originally issued by the Court, the Scheduling Order requires the Parties to complete discovery by Friday, February 13, 2015—less than a month away. Since the Court entered the Scheduling Order, the Parties have been diligent in engaging in paper discovery, collecting and reviewing thousands of pages of e-mails and documents, as well as completing objections and responses to interrogatories and requests for production of documents. Due to the nature of the claims regarding the disclosure of confidential and proprietary trade secret information, issues regarding collection, marking, and the review protocol of such information have arisen. The Parties have made every effort to avoid raising discovery matters with the Court by meeting and conferring on issues. Nevertheless, there remain outstanding discovery issues between the Parties that must be resolved before the Parties can fully engage in deposition discovery and complete expert discovery. Moreover, the filing of May's Counterclaim requires not only full discovery on those claims, but the addition of another party to this case. Thus the circumstances present in this case require a modest extension and modification of the Scheduling Order.

Federal Rule of Civil Procedure 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" exists when the parties cannot reasonably meet a scheduling order's deadlines, despite their own diligence. *Vercon Constr., Inc. v. Highland Mortg. Co.*, 187 F. App'x 264, 265 (4th Cir. 2006) (citing 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure Civ. § 1522.1 (2d ed. 1990)). In determining whether good cause exists, courts consider the parties' diligence in pursuing the litigation. *See Adams v. Sch. Bd. of Hanover*

4

*Cnty.*, No. CIV. A. 3:05CV310, 2008 WL 5070454, at *3 (E.D. Va. Nov. 26, 2008) (citing *SEC v. SBM Inv. Certificates, Inc.*, No. DKC 2006-0866, 2007 WL 609888, at *20 (D. Md. Feb. 23, 2007). "Mere failure on the part of counsel to proceed promptly with the normal processes of discovery shall not constitute good cause or an extension or continuance." Loc. Civ. R. 16(B).

This is the Parties' first request for any extension in the case. The Parties have proceeded with diligence from the filing of the action, engaging in electronic and written discovery (including third-party discovery) from September 2014, through the holidays, and up to the present. The Parties have sought to resolve discovery issues in good faith and without involving the Court, and have been able to do so on many issues. Yet numerous other issues remain outstanding before deposition discovery and expert discovery can be completed. Moreover, with the filing of May's Counterclaim, the Scheduling Order simply proves infeasible. By way of example, the last day to serve discovery requests (by hand) was January 14, 2015, and therefore no discovery could be conducted on May's Counterclaims.

The addition of a Counterclaim and a new party will also require the Parties to determine appropriate representation, investigate the claims, determine information required through discovery, and review information received in order to properly prosecute and defend the case. Accordingly, the Scheduling Order should be extended and modified so that the Parties will not be prejudiced in prosecuting this matter.

The Parties propose that the following modification and modest extension of the Scheduling Order will allow for timely resolution of the case, and ask that the Court grant their request:

| | |
|---|---|
| Supplemental Initial Disclosures | February 9, 2015 |
| Proponent's Fed. R. Civ. P. 26(a)(2) Disclosure | March 9, 2015 |

| | |
|---|---|
| Opponent's Fed. R. Civ. P. 26(a)(2) Disclosure | April 8, 2015 |
| Rebuttal Disclosure | April 23, 2015 |
| Close of Discovery | May 8, 2015 |
| Final Pretrial Conference | Set at the convenience of the Court |

## **CONCLUSION**

Based upon the foregoing reasons, the Parties respectfully request that their Joint Consent Motion to Extend Discovery and to Modify Scheduling Order be granted, that the Court approve the attached proposed order, and that the Court remove the currently scheduled February 19, 2015 final pretrial conference from the docket and reschedule the conference for a time convenient for the Court.

[*Signatures on following page*]

DATED: January 22, 2015          Respectfully submitted,

| /s/ Zachary S. Stinson | /s/ David R. Warner |
|---|---|
| Zachary S. Stinson, VSB No. 79110 | David R. Warner, VSB No. 75912 |
| OGLETREE, DEAKINS, NASH, | Kevin W. Weigand, VSB No. 81073 |
|   SMOAK & STEWART, P.C. | VENABLE LLP |
| 1909 K Street, N.W., Tenth Floor | 8010 Towers Crescent Dr., Suite 300 |
| Washington, D.C. 20006 | Tysons Corner, VA 22182 |
| Tel.: (202) 887-0855 | Phone: (703) 760-1652 |
| Fax: (202) 887-0866 | Facsimile: (703) 821-8949 |
| zachary.stinson@ogletreedeakins.com | drwarner@venable.com |
| | kwweigand@venable.com |

Marc L. Zaken (admitted *pro hac vice*)                    *Counsel for Drew May*
Ashley Totorica (admitted *pro hac vice*)
OGLETREE, DEAKINS, NASH
  SMOAK & STEWART, P.C.
Two Stamford Plaza
281 Tresser Boulevard, Suite 602
Stamford, Connecticut 06901
Tel.: (203) 969-3100
Fax: (877) 229-7662
marc.zaken@ogletreedeakins.com
ashley.totorica@ogletreedeakins.com

*Counsel for Integrated Direct Marketing, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2015, a copy of the foregoing was filed and served via the Court's ECF system which will give notice to the following counsel of record:

>David R. Warner, Esq.
>Kevin W. Weigand, Esq.
>VENABLE LLP
>8010 Towers Crescent Drive, Suite 300
>Tyson's Corner, Virginia  22182
>Phone: (703) 760-1652
>Facsimile: (703) 821-8949
>drwarner@venable.com
>kwweigand@venable.com
>
>*Counsel for Drew May*

_____/s/ Zachary S. Stinson_____
Zachary S. Stinson

20102989.1